IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROGER GURLEY,      )<br>    Plaintiff,           )<br>                            )<br>v.                          )<br>                            )<br>ANDREW SAUL, Commissioner  )<br>of Social Security,         )<br>    Defendant.           )  | Case No. 4:19-CV-01249-CLM |

## MEMORANDUM OPINION

Magistrate Judge Herman N. Johnson, Jr. issued a report and recommendation that this court deny Gurley's motion to remand (doc. 17) and affirm the final decision of the SSA Commissioner to deny Gurley's application for benefits. Doc. 21. Gurley has filed two objections to the report and recommendation. Doc. 23.

Below, the court reviews Gurley's objections *de novo* and reviews the rest of the record for clear error. *See* 28 U.S.C. § 636(b)(1)(C).

**Objection 1: The court wrongly held that the ALJ showed good cause for failing to accord proper weight to the treating physician, Dr. Toles-Moore. The court erred by supplementing the ALJ decision with post hoc rationalizations.**

Over 18 pages, Gurley makes no argument to support this objection. He instead cuts and pastes large block quotes from the ALJ's opinion, then the magistrate's opinion, then opinions from other courts. Doc. 23 at 8-26. Not once does Gurley write an original sentence that explains *how* Magistrate Judge Johnson erred, nor does he identify/explain the alleged post hoc rationalization.

The Eleventh Circuit has stated that district courts need not consider "frivolous, conclusive, or general objections" to a magistrate judge's report and recommendation. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). The court finds that Gurley's cut-and-pasted argument is conclusive and nothing more than a general objection. So the court will not consider it. *Id.*

To the extent that 28 U.S.C. § 636(b)(1)(C) requires the court review the magistrate judge's opinion for clear error, even though Gurley fails to properly argue it, the court finds no clear error. Judge Johnson's review of the ALJ's treatment of Dr. Towles-Moore's opinion is thorough and not clearly erroneous. Doc. 21 at 7-16.

**Objection 2: The court wrongly denied the Motion to Remand based on Sentence 4, on the mistaken assumption that Plaintiff moved for remand on the basis of new evidence submitted to the court.**

The court agrees with Gurley that his motion, by its plain language, sought remand under Sentence 4, even though Gurley attached new evidence (a favorable decision on a subsequent application), which typically results in a Sentence 6 remand request. Doc. 17. Gurley's motion is best understood as his attempt at an appellate Rule 28(j) letter—*i.e.* a letter that calls the court's attention to a new opinion from a different case that supports some point made by the letter's author in his case.

But no matter what you call it, Gurley's motion (doc. 17) should be denied. Gurley's motion sought a Sentence 4 remand on the same grounds that Gurley argued in his complaint and briefs. *Compare* doc. 17 *with* docs. 1, 13, 16. Because

an ALJ opinion granting Gurley's subsequent application is chronologically irrelevant to the application being reviewed in this case, Gurley's motion added nothing to the arguments considered and rejected by the magistrate judge. Because the court finds no error in the magistrate judge's report and recommendation that the Commissioner's decision be affirmed, the court finds no error in the magistrate judge's recommendation that this court deny Gurley's motion that sought the same relief on the same grounds.

## CLEAR ERROR REVIEW

The court has reviewed the record and the remainder of the magistrate judge's report and recommendation and finds no clear error. *See* 28 U.S.C. § 636(b)(1)(C).

\* \* \*

For the reasons stated above, the court **ACCEPTS** and **ADOPTS** Magistrate Judge Johnson's Report and Recommendation (doc. 21) and finds that Gurley's Motion to Remand (doc. 17) is due to the **DENIED**. The court will enter a separate order that carries out this opinion.

**DONE** this 18th day of August, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE